# United States Bankruptcy Court
### District of South Carolina

**Martin Angelo Marano -9292**
**Samantha Hoilman Marano -8607**

**1011 Victoria Pointe Ln., Summerville SC 29485**

| | |
|---|---|
| In re | Case No. |
| Debtor(s) | Chapter **13** |

## NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a chapter 13 plan on February 22, 2019 . The plan is attached.

Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confimation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on ,any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

Date: February 22, 2019

_/s/_Lauren M. Clark_
Lauren M. Clark
The Law Office of Lauren Clark, LLC
Attorney for Debtor
925 D Wappoo Rd
Charleston, SC 29407
Tel. 803-386-8868
Fax. 866-390-0669
Email: laurenclarklaw@aol.com

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Martin Angelo Marano** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | **Samantha Hoilman Marano** | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

 **$2,300.00** per **Month** for **57** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor **Martin Angelo Marano**                                              Case number
       **Samantha Hoilman Marano**

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐ The debtor will make payments pursuant to a payroll deduction order.
☐ The debtor will make payments directly to the trustee.
☑ Other (specify method of payment):
   TFS

**2.3 Income tax refunds.**
*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:   Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan.  However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☐ **3.1(a)**  The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor.

☑ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| **Name of Creditor** | **Collateral** | **Estimated amount of arrearage** | **Interest rate on arrearage** (if applicable) | **Monthly payment on arrearage** |
|---|---|---|---|---|
| **Guild Mortgage Company** | **1011 Victoria Pointe Ln Summerville, SC 29485  Dorchester County; TMS# 159-07-00-049** | $12,000.00<br>Includes amounts accrued through the | 0.00% | $211.00<br>(or more) |

*Insert additional claims as needed.*

District of South Carolina

Effective December 1, 2017                                     Chapter 13 Plan                                            Page 2

| Debtor | **Martin Angelo Marano** | Case number | |
| | **Samantha Hoilman Marano** | | |

☑     **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐     **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☐     **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2**     **Request for valuation of security and modification of undersecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3**     **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐     **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑     The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** |
|---|---|---|---|---|
| **Progressive Leasing** | **Mattress and box spring, apprx.** | $250.00 | 6.00% | $6.00 (or more)<br><br>Disbursed by:<br>☑ Trustee<br>☐ Debtor |
| **Titlemax** | **2008 Ford Escape 198,500 miles VIN #: 1FMCU03128KB93401** | $2,907.00 | 6.00% | $59.00 (or more)<br><br>Disbursed by:<br>☑ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

**3.4**     **Lien avoidance**.

*Check one.*

☑     **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5**     **Surrender of collateral.**

*Check one.*

☑     **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:**     **Treatment of Fees and Priority Claims**

District of South Carolina

| Debtor | **Martin Angelo Marano** | Case number | |
|---|---|---|---|
| | **Samantha Hoilman Marano** | | |

**4.1**    **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3**    **Attorney's fees.**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☐ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

District of South Carolina

Debtor **Martin Angelo Marano** Case number
**Samantha Hoilman Marano**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

- ☑ The debtor estimates payments of less than 100% of claims.
- ☐ The debtor proposes payment of 100% of claims.
- ☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Part 1 of this chapter 13 form plan indicates that all objection sot the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered. In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of this plan. Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.

(a) 8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):

In addition to the below, the provisions of the assigned Judge's Operating Order In re: Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.

| Debtor | **Martin Angelo Marano** | Case number | |
|---|---|---|---|
| | **Samantha Hoilman Marano** | | |

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| **Guild Mortgage Company** | 1011 Victoria Pointe Ln Summerville, SC 29485  Dorchester County; TMS# 159-07-00-049 | $1588<br>Escrow for taxes:<br>? Yes<br>? No<br><br>Escrow for insurance:<br>? Yes<br>? No | $56<br>Or more | $12,000 | $211<br>Or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available. See the Operating Order of the Judge assigned to this case.

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

(b)     The Debtor(s) reserve the right to seek loss mitigation or modification of the mortgage loan using the Portal procedures described in Chambers Guidelines during the bankruptcy case.

(c)     Debtors specifically reserve any currently undiscovered or future claims, rights or causes of action the debtors may have, regarding  any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including but not limited to, violations of applicable consumer protection codes and actions under 11 U.S.C.  Sections 542, 543, 544, 547, and 548.

(d)     Notice: The confirmation of this plan may determine the character (secured,unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

(e) Debtor(s) Martin Angelo Marano Samantha Hoilman Marano:

By signing this plan, I verify my understanding of the following:

1.     The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors.
2.     The consequences of any default under the plan.
3.     That I may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

District of South Carolina

Effective December 1, 2017    Chapter 13 Plan    Page 6

Debtor **Martin Angelo Marano**  Case number
 **Samantha Hoilman Marano**

| Part 9: | **Signatures:** |

**9.1  Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  **/s/ Martin Angelo Marano**  X  **/s/ Samantha Hoilman Marano**
  **Martin Angelo Marano**    **Samantha Hoilman Marano**
  Signature of Debtor 1    Signature of Debtor 2

  Executed on   **February 22, 2019**    Executed on   **February 22, 2019**

X  **/s/ Lauren Clark**  Date   **February 22, 2019**
  **Lauren Clark 10601**
  Signature of Attorney for debtor  DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN**

**I, Lauren Clark, Esq., represent the Debtor in the above captioned case. I hereby certify that on February 22, 2019, I mailed true and correct copies of the plan filed on February 22, 2019, with sufficient postage to all creditors and parties in interest entitled to such notice on the below stated date. The specific list of the names and addresses of parties servied with the plan is attached below.**

**Respectfully Submitted,**
 **_/s/_Lauren M. Clark_**

**Lauren M. Clark**
**The Law Office of Lauren Clark, LLC**
**Attorney for Debtor**
**925 D Wappoo Rd**
**Charleston, SC 29407**
**Tel. 803-386-8868**
**Fax. 866-390-0669**
**Email: laurenclarklaw@aol.com**

```
ALLY FINANCIAL
ATTN: BANKRUPTCY DEPT
PO BOX 380901
BLOOMINGTON MN 55438


BADCOCK
PO BOX 724
MULBERRY FL 33860


BANK OF AMERICA
4909 SAVARESE CIRCLE
FL1-908-01-50
TAMPA FL 33634


CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130


CAPITAL ONE
CARD SERVICES
PO BOX 60501
CITY OF INDUSTRY CA 91716-0501


CHERYL GRAHAM, CLERK OF COURT
5200 E. JIM BILTON BLVD.
SAINT GEORGE SC 29477


CHRYSLER FINANCIAL/TD AUTO
ATTN: BANKRUPTCY
PO BOX 9223
FARMINGTON HILLS MI 48333


CREDIT ONE BANK
ATTN: BANKRUPTCY DEPARTMENT
PO BOX 98873
LAS VEGAS NV 89193


DIVERSIFIED CONSULTANTS, INC.
ATTN: BANKRUPTCY
PO BOX 551268
JACKSONVILLE FL 32255


DUVERA COLLECTIONS
1910 PALOMAR POINT WAY #101
CARLSBAD CA 92008
```

```
EASY PAY/DUVERA COLLECTIONS
ATTN: BANKRUPTCY
PO BOX 2549
CARLSBAD CA 92018


ENHANCED RECOVERY CORP
8014 BAYBERRY RD
JACKSONVILLE FL 32256


EQUIFAX INFORMATION SERVICES LLC
P.O. BOX 740256
ATLANTA GA 30374


ERC/ENHANCED RECOVERY CORP
ATTN: BANKRUPTCY
8014 BAYBERRY ROAD
JACKSONVILLE FL 32256


EXPERIAN
PO BOX 4500
ALLEN TX 75013


FINANCIAL DATA SYSTEMS
1683 MILITARY CUTOFF RD
WRIGHTSVILLE BEACH NC 28403


FINANCIAL DATA SYSTEMS
ATTN: BANKRUPTCY
PO BOX 688
WRIGHTSVILLE BEACH NC 28480


GOLD CROWN PROPERTY MANAGEMENT
5081 RIVERS AVE
CHARLESTON SC 29406


GUILD MORTGAGE COMPANY
ATTN: BANKRUPTCY / LOSS MITIGATION
5898 COPLEY DRIVE, 4TH FLOOR
SAN DIEGO CA 92111


HUTCHENS LAW FIRM
240 STONERIDGE DRIVE SUITE 400
COLUMBIA SC 29210
```

```
HUTCHENS LAW FIRM
P.O. BOX 8237
COLUMBIA SC 29202


INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346


JEFFERSON CAPITAL SYSTEMS, LLC
PO BOX 1999
SAINT CLOUD MN 56302


KOHLS/CAPITAL ONE
KOHLS CREDIT
PO BOX 3120
MILWAUKEE WI 53201


LENDMARK FINANCIAL SERVICES
1735 NORTH BROWN ROAD
SUITE 300
LAWRENCEVILLE GA 30043


MCCABE TROTTER GAMBRELL & BEVERLY, P.C.
C/O VICTORIA POINTE PROPERTY OWNERS ASSO
P.O. BOX 212069
COLUMBIA SC 29210


NOTICE ONLY RECIPIENTS



PORTFOLIO RECOVERY
PO BOX 41021
NORFOLK VA 23541


PROGRESSIVE LEASING
 256 W. DATA DRIVE
DRAPER UT 84020


PROGRESSIVE LEASING
PO BOX 413110
SALT LAKE CITY UT 84141


SAM'S CLUB
PO BOX 960013
ORLANDO FL 32896
```

```
SC DEPT. OF REVENUE
PO BOX 125
COLUMBIA SC 29214


SOUTH CAROLINA ELECTRIC & GAS
ATTN: BANKRUPTCY DEPT.
108 BARNWELL AVE
AIKEN SC 29801


SYNCHRONY BANK/SAMS
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896


TD AUTO FINANCE
 4600 TOUCHTON RD
JACKSONVILLE FL 32246


TITLEMAX
100 MILES RD.
SUMMERVILLE SC 29485


TRANSUNION
CONSUMER DISPUTE CENTER
PO BOX 2000
CRUM LYNNE PA 19022


WAKEFIELD & ASSOCIATES
ATTN: BANKRUPTCY
7005 MIDDLEBROOK PIKE
KNOXVILLE TN 37909
```